David B. Loughner, CA SBN 225847
LOUGHNER & LOUGHNER
131A Stony Circle, Ste 500
Santa Rosa, CA 95401
Telephone: (707) 577-7420
Facsimile: (707) 577-7425
email: david@loughnerlaw.net

Attorney for Plaintiffs
MATTHEW WAYNE STEFFEN and TINA MARIE STEFFEN

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SANTA ROSA DIVISION**

| | |
|---|---|
| In re:<br><br>MATTHEW WAYNE STEFFEN<br>and<br>TINA MARIE STEFFEN,<br>                          Debtors<br><br>3691 Petaluma Boulevard North, Unit B<br>Petaluma, CA 94952-6471<br><br>SSN xxx-xx-1424<br>      xxx-xx-6334<br><br>MATTHEW WAYNE STEFFEN<br>and<br>TINA MARIE STEFFEN,<br>                          Plaintiffs<br>vs.<br><br>HANSEL MOTORS, INC.,<br>dba HANSEL TOYOTA,<br>                          Defendant | Case No. 14-10797<br>Chapter 7<br><br>AP No.:<br><br><br><br><br><br><br><br>**COMPLAINT TO AVOID PREFERENCE AND RECOVER PROPERTY**<br>**(11 U.S.C. §§ 522(h), (i); 547; 550)** |

     MATTHEW WAYNE STEFFEN and TINA MARIE STEFFEN ("Plaintiffs") allege as follows:

**PARTIES**

    1. Plaintiffs are individuals, and are the debtors in the above-captioned Chapter 7 case.

    2. Defendant Hansel Motors, Inc. ("Defendant") is a California corporation doing

- 1 -
**COMPLAINT TO AVOID PREFERENCE AND RECOVER PROPERTY**

business as Hansel Toyota, and may be served by first class mail addressed to the attention of its appointed agent, Hansel Enterprises, Inc., 3075 Corby Avenue, Santa Rosa, CA 95407.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b), and is brought pursuant to 11 U.S.C. §§ 105 and 506, and Federal Rules of Bankruptcy Procedure 3012 and 7001. Venue in this court is proper pursuant to 28 U.S.C. § 1409(a).

**CLAIM FOR RELIEF TO AVOID PREFERENCE AND RECOVER PROPERTY**
**(11 U.S.C. §§ 522(h),(i); 547; 550)**

4. Plaintiff re-alleges paragraphs 1 through 3, above.

5. Defendant holds a money judgment against Plaintiffs issued by the Superior Court of California, County of Sonoma in case number MSC-183002 for breach of contract.

6. Defendant has caused a Writ of Garnishment to be served on Plaintiff Matthew Steffen's employer in execution of the above money judgment.

7. Within the 90 days before the date of the filing of Plaintiffs' petition in the above-captioned Chapter 7 case, and while Plaintiffs were insolvent, the sum of $1,477.45 (the "transfer") was transferred for the benefit of Defendant via involuntary garnishment from Plaintiff Matthew Steffen's wages.

8. Plaintiffs have disclosed the transfer in the schedules and statements filed in the above-captioned Chapter 7 case.

9. Plaintiffs have claimed a fully exempt interest under applicable law in the entire amount of the transfer.

10. No objection to Plaintiffs' exemptions has been filed in the above-captioned Chapter 7 case.

11. The Trustee appointed in the above-captioned Chapter 7 case has not attempted to avoid the transfer.

12. The Trustee appointed in the above-captioned Chapter 7 case has filed a Report of No Distribution certifying that the estate has been fully administered and stating that no funds will be available for distribution to creditors in the case.

13. The entire amount of wages garnished from Plaintiff Matthew Steffen and transferred for the benefit of Defendant within the 90 days before the filing of the petition in the above-captioned Chapter 7 case constitutes a preference avoidable under 11 U.S.C § 547.

14. Plaintiffs may avoid the entire transfer under 11 U.S.C. § 522(h).

15. Defendant is liable under 11 U.S.C §§ 550 and 522(i) for return of the avoided transfer to Plaintiffs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request the Court issue judgment:

1. Declaring the transfer avoided in its entirety as a preference under 11 U.S.C § 547;
2. Declaring the avoided transfer fully exempt property of the Plaintiffs;
3. Ordering Defendant to deliver the entire amount of the avoided transfer to Plaintiffs within 14 days of the date of the Court's order;
4. Awarding Plaintiffs costs of suit to the extent allowable under applicable law; and
5. Granting Plaintiffs such other and further relief as the Court deems just and proper.

Dated: September 2, 2014

LOUGHNER & LOUGHNER

By: **/s/ David B. Loughner**
David B. Loughner
Attorney for Plaintiffs